IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN CATHERS,                          )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )   Civil Action No. 16-113-E
                                        )
CAROLYN W. COLVIN,                      )
ACTING COMMISSIONER OF                  )
SOCIAL SECURITY,                        )
                                        )
            Defendant.                  )

O R D E R

AND NOW, this 21st day of September, 2017, upon consideration of the parties'

cross motions for summary judgment, the Court, upon review of the Acting Commissioner of

Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under

Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim

for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42

U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by

substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S.

Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970

F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen,

845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa.

1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

1

federal court may neither reweigh the evidence, nor reverse, merely because it would have

decided the claim differently) (citing <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by failing to adequately address the basis for his findings regarding Plaintiff's limitations in his ability to interact with supervisors, co-workers and the public, resulting in a residual functional capacity assessment ("RFC") that is not supported by substantial evidence. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

The Court notes at the outset that an RFC is properly based on all of the relevant evidence in the case record. <u>See</u> 20 C.F.R. §§ 404.1545, 416.945. Moreover, "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." <u>Chandler v. Comm'r of Soc. Sec.</u>, 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). An ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. <u>See</u> 20 CFR §§ 404.1546(c), 416.946(c). Thus, an ALJ is not required to rely only on any particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination. <u>See</u> 96-5p, 1996 WL 374183, *5.

In this case, the ALJ found that Plaintiff has moderate limitations in social functioning overall, and the RFC specifically indicates that Plaintiff is capable of work that includes no work-related contact with the public, only occasional and superficial interaction with co-workers, and no more than occasional supervision. (R. 16, 17). Plaintiff notes that, in making this finding, the ALJ relied upon the opinion of consultative psychiatric examiner Byron E. Hillin, Ph.D., who also found that Plaintiff had moderate limitations in interacting with the public, co-workers, and supervisors. (R. 19, 273). In his brief, Plaintiff does not argue that the ALJ's moderate limitation finding is incorrect, but instead contends that the ALJ erred in failing to explain his reasons for finding different individual limitations with regard to these three different types of social interactions, when the opinion upon which the ALJ relied simply found moderate limitations in all three categories.

As noted, <u>supra</u>, the ALJ's RFC determination is properly based on <u>all</u> the evidence presented, not just a single opinion, even if that opinion was given great weight by the ALJ. Thus, just because the opinion to which the ALJ gave great weight found that Plaintiff had moderate limitations with regard to interactions with the public, co-workers and supervisors does not mean that the findings in his RFC as to those three types of interactions had to be identical. There is a variety of evidence in the record, including medical records, testimony, and opinion evidence, all of which the ALJ thoroughly discussed in his decision and clearly took into consideration in formulating his RFC. (R. 15-20). Also, there is, obviously, a range of limitations within any category, whether that category is slight, moderate, marked, etc. (R. 273). When determining the specific limitations applicable to this particular claimant, it was appropriate for the ALJ to formulate an RFC identifying suitable limitations no less restrictive

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 9) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf:          Counsel of record

---

than those that would fit within that moderate range, taking into consideration all of the evidence presented, which is what the ALJ did in this case.

The Court notes, further, that the RFC is defined as the most a Plaintiff can still do despite his limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Thus, the inclusion of greater restrictions as to certain social interactions works in Plaintiff's favor by putting greater limits on the jobs available to him. (R. 21). In this case, by prescribing the limitations as to Plaintiff's ability to interact with co-workers and the public that he did, the ALJ clearly chose to give Plaintiff the benefit of the doubt in formulating his RFC, as the more restrictive limitations certainly benefit Plaintiff. At the same time, however, just because the ALJ erred on the side of caution in finding that Plaintiff should have no work-related contact with the public, does not mean that the ALJ should necessarily also have found that Plaintiff could have no contact with supervisors as well. Obviously, such a limitation would go far beyond the overall moderate limits in social functioning that the ALJ found, and the Court cannot find, upon review of the ALJ's entire decision as well as the record in this case, that the ALJ erred in not making such a finding. Although the ALJ was certainly permitted to include in his RFC the limitations in interactions with the public and co-workers that he did, it was also perfectly reasonable, upon consideration of the evidence in this case, to limit Plaintiff to only occasional supervision. See, e.g., Tooley v. Colvin, 2015 WL 3866061 (M.D. Pa. June 23, 2015) (finding that the ALJ's RFC adequately accounted for marked limitations in the ability to interact with co-workers by limiting the claimant to only occasional interaction with co-workers, i.e., between very little and one-third of the workday). Moreover, the findings of the ALJ are clearly supported by his discussion of the evidence of record and his conclusions in his decision.

The Court therefore finds that the ALJ properly discussed the relevant evidence of record, adequately addressed Plaintiff's various limitations in interacting with supervisors, co-workers and the public, and arrived at a well-reasoned determination of Plaintiff's RFC. Accordingly, the Court affirms.